IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-230-PRW |
| ) | |
| KEYON MARQUIS BREWER, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Keyon Marquis Brewer is a violent felon with prior convictions for Robbery with a Firearm and Assault with a Dangerous Weapon, for which he received lengthy sentences from an Oklahoma court.[1] Not long after his release from prison, Brewer was pulled over while driving a car with a pistol in the glove box, which he claimed belonged to his girlfriend (she denied ownership of the gun). And not long after that, Brewer, his girlfriend, and two other men were identified as suspects in an armed robbery of construction workers repairing an Oklahoma City street. As part of the investigation of that robbery, the apartment that Brewer shared with his girlfriend was searched, and an AR-15 style rifle was found. Brewer admitted that the rifle was his, and that he had fired it. Brewer was subsequently indicted by a federal grand jury for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1).

---

[1] *See Oklahoma v. Brewer*, No. CF-2013-1870 (Okla. Cnty. Dist. Ct. Nov. 15, 2013).

Brewer has moved for dismissal of that charge, arguing that § 922(g)(1) violates the Second Amendment. A hearing was held on that Motion to Dismiss the Indictment on September 6, 2023, at which argument was heard, and the motion was orally denied with this written order to follow.

In 2009, the Tenth Circuit in *United States v. McCane* rejected a post-*Heller* challenge to the constitutionality of § 922(g)(1)[2] as applied to a violent felon like McCane, relying on the Supreme Court's statement in *District of Columbia v. Heller* that "'nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]'"[3] Brewer argues that *McCane* is no longer good law after the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*.[4] But a circuit decision remains good law unless "the Supreme Court issues an intervening decision that is contrary to or invalidates . . . previous analysis."[5] Given *Bruen's* unequivocally favorable treatment of *Heller*, it cannot be read as contradicting or invalidating *McCane's* reliance on *Heller*. For that reason, *McCane* remains binding precedent that this district court is duty bound to follow in a case like this, which, like *McCane*, involves a defendant with prior felony convictions for violent crimes.

The Motion to Dismiss the Indictment is **DENIED**.

---

[2] *United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009).

[3] *Id.* (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626–27 (2008)).

[4] 142 S. Ct. 2111 (2022).

[5] *United States v. Brooks*, 751 F.3d 1204, 1209 (10th Cir. 2014) (internal quotation marks omitted).

**IT IS SO ORDERED** this 8th day of September 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE